UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

POWER THE FUTURE
611 Pennsylvania Avenue, SE
Suite No. 183
Washington, DC 20003

Plaintiff,

v.

NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION
1401 Constitution Avenue, N.W.
Washington, D.C. 20230

Defendant.

Case No. 1:26-cv-3266

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Power the Future ("PTF") brings this action against Defendant National Oceanic and Atmospheric Administration ("NOAA"). PTF alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. PTF seeks declaratory and injunctive relief requiring NOAA to process three FOIA requests and produce all responsive, nonexempt agency records.

2. NOAA received the requests between July 1 and August 13, 2026. It acknowledged each request and assigned each a tracking number. It has not made a determination on any request or produced any responsive records.

3. NOAA's complete failure to make the determinations FOIA requires warrants a court-supervised processing and production schedule.

## PARTIES

4. PTF is a nonprofit organization incorporated in Delaware. It informs the public about energy and environmental policy and government activity bearing on those issues.

5. NOAA is a bureau of the United States Department of Commerce, an executive department, and is an agency within FOIA's meaning. 5 U.S.C. §§ 551(1), 552(f)(1). NOAA possesses and controls records responsive to PTF's requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. PTF has constructively exhausted its administrative remedies because NOAA did not make timely determinations on the requests. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 190 (D.C. Cir. 2013) ("*CREW*").

## PLAINTIFF'S FOIA REQUESTS

9. On July 1, 2026, PTF submitted through NOAA's online FOIA portal a request for records of former NOAA official Thomas Karl dated from November 1, 2014, through December 31, 2015. The request sought presentations, calendar entries, meeting invitations, meeting agendas, and meeting minutes containing specified search terms.

10. NOAA acknowledged the July 1 request the same day and assigned it request number DOC-NOAA-2026-001856.

11. On July 7, 2026, PTF submitted a second request for Mr. Karl's correspondence sent or received from November 1, 2014, through December 31, 2015. Responsive correspondence had to include at least one non-.gov email address and at least one term from each of two short lists of specified terms.

12. NOAA acknowledged the July 7 request the same day and assigned it request number DOC-NOAA-2026-001871.

13. On August 13, 2026, PTF submitted a third request concerning the NOAA-led Subcommittee on Global Change Research ("SGCR"). The request sought any SGCR charter in effect at any time during 2014 or 2015 and any roster or membership list identifying the SGCR Principals during those years. It also sought the agendas, attendance rosters, and minutes of any SGCR meeting held from November 1, 2014, through December 31, 2015, the title or text of which contains at least one of four specified keyword terms.

14. NOAA acknowledged the August 13 request the same day and assigned it request number DOC-NOAA-2026-002014.

15. Apart from those acknowledgments, PTF has received no response to any request. NOAA has not sought clarification, made a determination, or produced responsive records.

16. The requested records will shed light on federal climate policy. PTF seeks the records to inform the public about NOAA's conduct and the basis for federal climate policy.

17. FOIA required NOAA to determine within 20 working days whether it would comply with each request and to state the reasons for its determination. § 552(a)(6)(A)(i).

18. A timely determination requires more than an acknowledgment. The agency must gather and review the records, identify what it will produce and withhold, explain any withholding, and notify the requester of its appeal rights. *CREW*, 711 F.3d at 188.

19. NOAA's determinations as to Plaintiff's FOIA requests were due by July 30, August 4, and September 11, 2026, respectively. § 552(a)(6)(A)(i). NOAA invoked no extension on the three requests.

20. NOAA has not stated whether it will comply with any request. It has not identified the records it will produce or withhold, explained any withholding, or notified PTF of appeal rights. *CREW*, 711 F.3d at 188.

21. FOIA authorizes this Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B). The Court may use its equitable powers "to require the agency to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014). NOAA's failure to make any determination warrants judicial supervision.

## COUNT I
## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

22. PTF incorporates the preceding allegations.

23. PTF submitted three FOIA requests that reasonably described the records sought. NOAA accepted each request through its online portal and assigned each a tracking number.

24. NOAA violated FOIA by failing to make timely determinations and by withholding responsive agency records. §§ 552(a)(3)(A), (a)(6)(A)(i).

25. PTF has constructively exhausted its administrative remedies. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 190.

26. PTF is entitled to declaratory and injunctive relief under § 552(a)(4)(B).

## PRAYER FOR RELIEF

Power the Future respectfully requests that the Court:

A. Retain jurisdiction until NOAA complies with FOIA and the Court's orders;

B. Declare that NOAA violated FOIA by failing to make timely determinations and by withholding responsive agency records;

C. Declare that NOAA must disclose all nonexempt agency records responsive to the three requests;

D. Order NOAA to conduct adequate searches and produce all nonexempt responsive records according to a schedule containing dates certain, with periodic status reports until production is complete;

E. Award PTF its reasonable attorney's fees and costs under § 552(a)(4)(E); and

F. Grant any other just and proper relief.

Dated: September 18, 2026

POWER THE FUTURE
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com